SO ORDERED.
SIGNED 28th day of September, 2026

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

Nancy B. King
U.S. Bankruptcy Judge

mk

# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

DEBTORS **WILLIAM FRANKLIN QUIGLEY**
**LORI DEANNE QUIGLEY**
**SSN XXX-XX- 1820 SSN XXX-XX- 3004**

Case No. **26-00359-NK1-13**

## ORDER CONFIRMING CHAPTER 13 PLAN AND GRANTING RELATED MOTIONS

The Court finds that all information required under § 521(a)(1)(B) has been submitted and that the case is not dismissed under § 521(i). The Court further finds that it is in the best interests of creditors and the estate to confirm this case.

The debtors' plan has been transmitted to scheduled creditors and it has been determined after notice and an opportunity for hearing that the plan meets the confirmation requirements of 11 U.S.C. § 1325 and all timely objections to confirmation have been withdrawn, resolved, or overruled. It is, therefore, ORDERED:

1. The plan is confirmed as set out below.
2. A timely proof of claim must be filed before the creditor will be paid under the plan.
3. The debtors shall not incur any debts without approval from the trustee or this Court, except debts necessary for emergency medical or hospital care.
4. The debtors shall not reduce the amounts withheld for taxes on a W-4 submitted to an employer without approval of the trustee or the Court.
5. The trustee shall deduct permitted compensation and expenses in accordance with 28 U.S.C. §586(e).

6. Before making any disbursements to creditors under the plan, the trustee shall disburse to the Court Clerk the sum of **$338.00** for filing fees.

   To the Court Clerk the sum of **$25.00** for conversion fees.

7. The debtors shall be responsible for the preservation and protection-including insurance-of all property of the estate.

8. The trustee and the debtors retain the right to object to any claims or supplements to claims and to pursue any causes of action for the benefit of the debtors or the estate-including avoidance and recovery actions and actions that would upset the liens of creditors treated as secured under the confirmed plan.

## PART 1: NOTICES

The confirmed plan **DOES** include nonstandard provisions, set out in Part 9 below.

This order is final and binding under 11 U.S.C. § 1327 upon entry of the order. This order may include provisions different than what was contained in the original plan. Parties are encouraged to carefully review the terms of this order and the previously noticed plan. Any request to reconsider the terms of this order should be raised within 14 days.

An exhibit attached to this order lists the claims treated under this confirmed plan as of the submission of this order to the Court. This list is subject to modification based on the subsequent allowance or disallowance of claims.

## PART 2: PLAN PAYMENTS AND LENGTH OF PLAN

**Debtors will make payments to the trustee as follows**:

**$7,467.00 MONTHLY from WILLIAM FRANKLIN QUIGLEY (DIRECT PAY)**

The plan is expected to last approximately **60** months. The plan will not be complete unless the payments to creditors specified in this order have been made.

**Plan "base" and income tax refunds:**

Debtors shall pay to the trustee a minimum amount, called a "base," of **$448,000.00**.

Any funds remaining from the base after making the other disbursements required by this order shall be used to increase the distribution to allowed nonpriority unsecured claims addressed in § 5.1.

## PART 3: TREATMENT OF SECURED CLAIMS

### 3.1 Maintenance of payments and cure of default under 11 U.S.C. § 1322(b)(5).

Installment payments on the secured claims listed below will be maintained, and any arrearage through the month of confirmation will be paid in full as stated below. Both the installment payments and the amounts to cure the arrearage will be disbursed by the trustee.

Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below as to the current installment payment and arrearage. After confirmation of the plan, the trustee shall adjust the installment payments below in accordance with any such proof of claim and any Notice of Mortgage Payment Change filed under Rule 3002.1. The trustee shall adjust the plan payment in Part 2 in accordance with any adjustment to an installment payment and shall file a notice of the adjustment and deliver a copy to the debtor, the debtor's attorney, the creditor, and the U.S. Trustee, but if an adjustment is less than $25 per month, the trustee shall have the discretion to adjust only the installment payment without adjusting the payments under Part 2. The trustee is further authorized to pay any postpetition fee, expense, or charge, notice of which is filed under Bankruptcy Rule 3002.1 and as to which no objection is raised, at the same disbursement level as the arrearage.

Confirmation of this Plan imposes on any claimholder listed below the obligation to:

- Apply arrearage payments received from the trustee only to such arrearages.
- Treat the obligation as current at confirmation such that future payments, if made pursuant to the plan, shall not be subject to late fees, penalties, or other charges.

If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

| Creditor/Collateral | Current monthly payment (including escrow) | Amount of arrearage | Last month in prepetition arrearage | Monthly paymt on arr, if any |
|---|---|---|---|---|
| MSR ASSET VEHICLE LLC | $2,865.64 | Prepetition: $1,677.32 | 05/26 | pro rata |
| MTG CONT 3355 CHISHOLM RD LAND | | Gap payments: $11,462.56<br>Months in gap: JUN 2026-SEP 2026 | | pro rata |

### 3.2 Valuation of security and claim modification.

--------------- NONE ---------------

### 3.3 Secured claims excluded from 11 U.S.C. § 506.

--------------- NONE ---------------

### 3.4 Lien avoidance.

--------------- NONE ---------------

**3.5 Surrender of collateral.**

**--------------- NONE ---------------**

**PART 4: TREATMENT OF PRIORITY CLAIMS (INCLUDING ATTORNEY'S FEES AND DOMESTIC SUPPORT OBLIGATIONS)**

**4.1 Attorney's fees.**

The balance of fees currently owed to **KEITH D SLOCUM** is **$3,500.00**. The total fee awarded to the attorney is **$4,950.00** .

The balance of fees awarded by this order and any additional fees that may be awarded shall be paid through the trustee as follows: **Available funds**.

**4.2 Domestic support obligations.**

**(a) Pre- and postpetition domestic support obligations to be paid in full.**

The debtors will maintain postpetition payments on the domestic support obligation(s) listed below. These payments will be disbursed either by the trustee or directly by the debtors, as specified. Any arrearage on a listed claim will be paid in full through the trustee. If no monthly payment is stated, the trustee will disburse available funds to cure the arrearage. Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below as to the postpetition payment and arrearage. Unless a proof of claim filed in accordance with the Bankruptcy Rules states an arrearage through a later month, the arrearage will only include amounts due as of the petition date.

| **Creditor/Recipient** | **Current monthly payment** | **Estimated total of payments (if terminating during plan)** | **Last month in prepetition** | **Amount of arrearage** | **Arrearage Monthly** |
|---|---|---|---|---|---|
| CENTRAL CHILD SUPPORT RECEIPTING UNIT | $1,609.00<br>Disbursed by:<br>**Trustee** | n/a | 06/26 | $3,589.28<br>Disbursed by:<br>**Trustee** | pro rata |
| CENTRAL CHILD SUPPORT RECEIPTING UNIT<br>ONE TIME MEDICAL SUPPORT BALANCE | n/a<br>Disbursed by:<br>**N/A** | n/a | 06/26 | $3,407.95<br>Disbursed by:<br>**Trustee** | pro rata |

**(b) Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

**----------NONE----------**

**4.3 Other priority claims.**

The priority claims listed below will be paid in full through the trustee. Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below.

| Name of Creditor | Estimated amount of claim to be paid |
| --- | --- |
| KIMBERLY M WALLACE | $7,030.90 |
| MEDICAL OWED TO NORTH ALABAMA MED CENTER<br>ATTY FEES BASE ON DOMESTIC SUPPORT | |
| STATE OF ALABAMA DEPT OF REVENUE | $284.00(e) |
| TAXES | |
| TENNESSEE DEPARTMENT OF REVENUE | $93.97 |
| 2025 SALES AND USE TAX | |
| UNITED STATES TREASURY | $0.00 |
| 2025 TAX AMD TO ZERO | |

**PART 5: TREATMENT OF NONPRIORITY UNSECURED CLAIMS AND POSTPETITION CLAIMS**

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. A minimum sum of **$130,494.00** and a minimum dividend of **26.600**% shall be paid to these claims. Any funds remaining after disbursements have been made to all other creditors provided for in this plan shall also be distributed to these claims.

**5.2 Interest on allowed nonpriority unsecured claims not separately classified.**

**N/A**

**5.3 Maintenance of payments and cure of default on nonpriority unsecured claims.**

**--------------- NONE ---------------**

**5.4 Separately classified nonpriority unsecured claims.**

**--------------- NONE ---------------**

**5.5 Postpetition claims allowed under 11 U.S.C. § 1305.**

Claims allowed under 11 U.S.C. § 1305 will be paid in full through the trustee.

**----------NONE----------**

## PART 6: EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**6.1 The executory contracts and unexpired leases listed below are assumed and treated as specified. All other executory contracts and unexpired leases are rejected.**

**--------------- NONE ---------------**

## PART 7: ORDER OF DISTRIBUTION OF AVAILABLE FUNDS BY TRUSTEE

**7.1 The trustee will make monthly disbursements of available funds in the order indicated by the "disbursement levels" in the attached Exhibit.**

If available funds in any month are not sufficient to disburse all fixed monthly payments due under the plan for any disbursement level, the trustee shall allocate available funds to the claims in that disbursement level pro rata. If available funds in any month are not sufficient to disburse any current installment payment due under § 3.1, the trustee shall withhold the partial payment amount and treat the amount as available funds in the following month.

## PART 8: VESTING OF PROPERTY OF THE ESTATE

**8.1 Property of the estate will vest in the debtors upon discharge or closing of the case, whichever occurs earlier, unless an alternative vesting date is specified below:**

## PART 9: NONSTANDARD PLAN PROVISIONS

**Terminate (FRANCHISE CONTRACT) with JUSTIN DYESS PERMALEE per rejected contract.**

Approved:

/s/KEITH D SLOCUM

KEITH D SLOCUM
ATTY FOR THE DEBTOR
370 MALLORY STATION RD SUITE 504
FRANKLIN, TN 37067
615-656-3344
notice@keithslocum.com

Original 341 Date: **June 18, 2026 8:30 am**
Case no: **26-00359-NK1-13**
Printed: **09/28/2026** **1:14 pm**

## EXHIBIT

## SCHEDULED AND ALLOWED CLAIMS AND ORDER OF DISTRIBUTION

The list below identifies the claims treated under this confirmed plan as of the submission of this order to the Court. This list is subject to modification based on the subsequent allowance or disallowance of claims.

The "disbursement level" indicates the order of distribution on a monthly basis. See Part 7 of the attached Order.

* An asterisk next to a claim indicates that a proof of claim has been filed for the listed creditor. No disbursements will be made on any claim pursuant to the plan unless a timely proof of claim is filed.

! An exclamation mark next to a claim indicates the trustee has placed a "reserve" on the claim and will withhold disbursements pending a further determination. For information about a "reserve" contact the trustee's office.

| | Name of Creditor | Type of Claim | Order of Distribution |
|---|---|---|---|
| | US BANKRUPTCY COURT | FILING FEE | 1 |
| | US BANKRUPTCY COURT | FILING FEE/CONVERSION FEE | 1 |
| * | CENTRAL CHILD SUPPORT RECEIPTI | SUPPORT/ALIMONY CONT | 2 |
| * | MSR ASSET VEHICLE LLC<br>MTG CONT 3355 CHISHOLM RD LAND | MTG-ON GOING MTG PYMT | 3 |
| | KEITH D SLOCUM | ATTORNEY FEE | 4 |
| * | MSR ASSET VEHICLE LLC<br>JUN TO SEP 2026 3355 CHISHOLM RD LAND | MTG-GAP PYMTS (POST PET/PRE CONF) | 5 |
| * | MSR ASSET VEHICLE LLC<br>MTG ARRS 3355 CHISHOLM RD LAND THRU MAY 2026 | MTG-PRE-PETITION ARREARS | 5 |
| * | KIMBERLY M WALLACE<br>MEDICAL OWED TO NORTH ALABAMA MED CENTER ATTY FEES BASE ON DOMESTIC SUPPORT | PRIORITY CREDITOR | 6 |
| | STATE OF ALABAMA DEPT OF REVEN<br>TAXES | PRIORITY CREDITOR | 6 |
| * | TENNESSEE DEPARTMENT OF REVEN | PRIORITY CREDITOR | 6 |

| | | | |
|---|---|---|---|
| | 2025 SALES AND USE TAX | | |
| * | UNITED STATES TREASURY<br>2025 TAX AMD TO ZERO | PRIORITY CREDITOR | 6 |
| * | CENTRAL CHILD SUPPORT RECEIPTI<br>ARRS THRU JUN 26 | SUPPORT/ALIMONY ARRS-PRIORITY | 6 |
| * | CENTRAL CHILD SUPPORT RECEIPTI<br>ONE TIME MEDICAL SUPPORT<br>BALANCE | SUPPORT/ALIMONY ARRS-PRIORITY | 6 |
| | ASPEN HEIGHTS STARKVILLE APTS | UNSECURED CREDITOR | 7 |
| | ASPEN HEIGHTS STARKVILLE APTS | UNSECURED CREDITOR | 7 |
| | BRENNAN AND CLARK<br>BUSINESS DEBT ERIE INSURANCE | UNSECURED CREDITOR | 7 |
| | CAPITAL ONE | UNSECURED CREDITOR | 7 |
| | CAPITAL ONE | UNSECURED CREDITOR | 7 |
| * | CAPITAL ONE NA<br>CC BUSINESS DEBT | UNSECURED CREDITOR | 7 |
| | CITY OF FLORENCE<br>BUSINESS DEBT | UNSECURED CREDITOR | 7 |
| | CRF SOLUTIONS<br>BUSINESS DEBT | UNSECURED CREDITOR | 7 |
| * | FINWISE BANK | UNSECURED CREDITOR | 7 |
| | GOLD MINE HOLDINGS CORP<br>BUSINESS DEBT | UNSECURED CREDITOR | 7 |
| | HOLLINGSHEAD CEMENT<br>BUSINESS DEBT | UNSECURED CREDITOR | 7 |
| * | KUBOTA CREDIT CORPORATION | UNSECURED CREDITOR | 7 |
| * | MARINER FINANCE | UNSECURED CREDITOR | 7 |
| | MISSION LANE TAB BANK<br>BUSINESS DEBT | UNSECURED CREDITOR | 7 |
| | MRV COIGN<br>BUSINESS DEBT | UNSECURED CREDITOR | 7 |

| | | | |
|---|---|---|---|
| | NORTH ALABAMA MEDICAL CENTEI | UNSECURED CREDITOR | 7 |
| | NORTH ALABAMA MEDICAL CENTEI | UNSECURED CREDITOR | 7 |
| * | RESURGENT RECEIVABLES LLC<br>CREDIT ONE BANK CC | UNSECURED CREDITOR | 7 |
| * | SPRING OAKS CAPITAL SPV LLC<br>UPSTART NETWORK | UNSECURED CREDITOR | 7 |
| | STEADPOINT ROGER SMITH AGENCY<br>BUSINESS DEBT | UNSECURED CREDITOR | 7 |
| * | TENNESSEE DEPARTMENT OF REVEI<br>2025 SALES AND USE PENALTY | UNSECURED CREDITOR | 7 |
| | THE STARK COLLECTION AGENCY | UNSECURED CREDITOR | 7 |
| * | UNITED STATES TREASURY<br>2017 2019 2020 2021 TAX | UNSECURED CREDITOR | 7 |
| * | US DEPARTMENT OF EDUCATION NE<br>STUDENT LOAN CT CLAIM 8 AMENDS<br>CT CLAIM 6 FILED IN CH 7 | UNSECURED CREDITOR | 7 |
| * | WORLD ACCEPTANCE CORP<br>WORLD FINANCE | UNSECURED CREDITOR | 7 |
| | 1305 CLAIM | UNSECURED - 1305 | 8 |